**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PROGRESSIVE PACKAGING ) | | |
| CORPORATION, an Illinois corporation, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | No. 09 C 3426 | |
| ) | Hon. Marvin E. Aspen | |
| ) | | |
| RUSSELL STOVER CANDIES, INC., ) | | |
| a Missouri corporation, ) | | |
| ) | | |
| Defendant. ) | | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Court Judge:

Plaintiff Progressive Packaging Corporation ("Progressive") brought a two-count complaint against Russell Stover Candies, Inc. ("Russell Stover") for breach of contract and action on account. Russell Stover has moved to dismiss, or in the alternative, stay proceedings and compel arbitration. To resolve this motion, we must consider whether there is a contract, whether it contains an enforceable arbitration agreement, and if so, whether the arbitration agreement covers this dispute. Because we find that the parties have a contract with an arbitration agreement that encompasses the instant complaint, we grant Russell Stover's motion to stay proceedings and compel arbitration, and deny its motion to dismiss.[1]

---

[1] Although Russell Stover requested dismissal of the action, the Seventh Circuit has repeatedly stated that "the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright." *Halim v. Great Gatsby's Auction Gallery*, 516 F.3d 557, 561 (7th Cir. 2008) (internal quotation omitted); *see Tice v. Am. Airlines, Inc.*, 288 F.3d 313, 318 (7th Cir. 2002) (converting the dismissal of plaintiffs' suit to a stay pending arbitration and remanding to the district court).

## BACKGROUND

On November 15, 2005, Russell Stover ordered a large quantity of packaging materials from Progressive. (Compl. ¶ 4.) Russell Stover issued a written confirmation detailing the type, quantity, and price of materials ordered. (*Id*.) Progressive shipped the products to Russell Stover as specified between January 26, 2006 and December 2, 2006. (*Id*. ¶¶ 5–6.) Russell Stover accepted and used each shipment. (*Id*. ¶ 7.) With each shipment, Progressive included an invoice with various terms and conditions, including Section XIII entitled "ARBITRATION," which stated:

> All controversies or claims arising out of or relating to the merchandise or the contract between Seller and Buyer shall be settled by arbitration in accordance with the commercial arbitration rules of the American Arbitration Association. The parties may obtain discovery as provided in the Illinois Civil Court rules or any successor rules. The arbitration hearing shall be held in Chicago, Illinois. The award shall be final, and judgment thereon may be entered in any court, state or federal, having jurisdiction.

(*Id*. ¶ 5; Mem., Ex. C.)

Progressive alleges that as of March 23, 2007, Russell Stover owed Progressive $235,572.70 for received packaging materials. (*Id*. ¶ 10.) Progressive further alleges that Russell Stover owes an additional $84,806.17 as 1.5% interest under Section V of the invoice terms and conditions. (*Id*. ¶¶ 12–13.) Russell Stover has moved to dismiss the complaint, or in the alternative, to stay proceedings and compel arbitration pursuant to the terms and conditions on the back of the invoices provided by Progressive. (Mot. at 1.)

## ANALYSIS

Initially, we observe that the parties agree on the significance of the arbitration provision more than they disagree. Progressive does not object to arbitration, so long as Russell Stover

concedes that the terms and conditions on the invoices are an enforceable contract between the parties. (Resp. at 2.) Russell Stover agrees that the arbitration provision in the invoice terms and conditions represents a term of the parties' contract, but does not concede that all of the invoice terms and conditions are part of the contract, or that those invoice terms that are part of the contract are the *entire* contract between the parties. (Reply at 1.) Russell Stover asserts that the purchase order contains the original contract terms and that the arbitration clause is an "additional" term, so that under Illinois law—based on the Uniform Commercial Code ("UCC")—it is enforceable. (*Id.* at 2.) Russell Stover maintains that other clauses in the invoice terms and conditions are "different" terms between the purchase order and invoices, so that they are not part of the contract. (*Id.*) Thus, Russell Stover argues that the arbitration clause itself is enforceable but seeks to arbitrate all other disputes related to the contract, including whether the remaining terms in the invoices are enforceable. (*Id.*)

### A. Enforceability of the Arbitration Agreement

The parties concede there is a contract. However, they dispute whether the terms and conditions from Progressive's invoices are enforceable in their entirety. This is a battle of the forms. Illinois law dictates that in a battle of the forms,"additional" terms may become part of the contract, but "different" terms may not. 810 Ill. Comp. Stat. 5/2-207 (1961); *Northrop Corp. v. Litronic Indus.*, 29 F.3d 1173, 1178 (7th Cir. 1994); *Union Carbide Corp. v. Oscar Mayer Foods Corp.*, 947 F.2d 1333, 1335–36 (7th Cir. 1991). Although additional terms that materially alter an agreement do not become part of the contract, an additional term can become part of the contract if it: (1) is included on an invoice; and (2) will not "result in surprise or hardship" to either party. *See Union Carbide Corp.*, 947 F.2d at 1336-37; *Trans-Aire Int'l, Inc. v. N.*

*Adhesive Co., Inc.*, 882 F.2d 1254, 1260 (7th Cir. 1989). The Seventh Circuit has held that an arbitration clause within a seller's written confirmation is not a material alteration when there is a demonstrable course of dealing between the parties that gives notice to the buyer of an arbitration clause. *Schulze & Burch Biscuit Co. v. Tree Top, Inc.*, 831 F.2d 709, 714 (7th Cir. 1987); *see also Waukesha Foundry, Inc. v. Indus. Eng'g, Inc.*, 91 F.3d 1002, 1009 (7th Cir. 1996). In *Schulze*, for example, nine prior confirmations containing the arbitration clause were sufficient to demonstrate a course of dealing so that the arbitration clause was not a surprise or hardship, and therefore enforceable. 831 F.2d at 714.

Here, Russell Stover made Progressive an offer in the form of its written order for packaging materials. (Mem., Ex. A.) Progressive accepted and complied with this order by providing Russell Stover with the specified packaging materials, along with the attached terms and conditions of sale. Progressive has submitted twenty-one invoices issued to Russell Stover, each of which had the same terms and conditions of sale on the reverse side, including the arbitration clause. (Compl. ¶ 8, Ex. B.) Having evaluated the invoice language and the contract language, we find that this arbitration clause is an additional term that does not materially alter the parties' agreement. Moreover, neither party should be surprised or suffer hardship by resolving their dispute in arbitration. Russell Stover admits that the arbitration clause is part of the agreement. Progressive, of course, introduced the arbitration clause and thus can hardly argue that it would be surprised or suffer hardship if we enforce it. Accordingly, the additional arbitration clause is an enforceable term of the parties' agreement.

### B. Applicability of the Arbitration Agreement

We consider next whether the arbitration clause applies to Progressive's claims. Section 3 of the Federal Arbitration Act ("FAA") provides that:

> upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

9 U.S.C. § 3. Interpreting this statute, the Supreme Court and the Seventh Circuit have held that a stay is mandatory if a court concludes that the disputed issue falls under the purview of an arbitration agreement. *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226, 107 S.Ct. 2332, 2337 (1987); *Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 971 (7th Cir. 2007). The FAA, and judicial interpretations thereof, thus reflect a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941 (1983); *Volkswagen of Am., Inc.*, 474 F.3d at 970.

The court must act as a "gatekeeper" to decide whether a dispute is subject to arbitration. *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. TriMas Corp.*, 531 F.3d 531, 535 (7th Cir. 2008) (quoting *Air Line Pilots Ass'n, Int'l v. Midwest Express Airlines, Inc.*, 279 F.3d 553, 558 (7th Cir. 2002)). If an arbitration clause is broad, "there is a presumption in favor of arbitrability." *AT&T Techs., Inc. v. CWA*, 475 U.S. 643, 650, 106 S.Ct. 1415, 1419 (1986); *United Steel*, 531 F.3d at 536. To rebut this presumption, a party must produce "the most forceful evidence of a purpose to exclude the claim from arbitration." *AT&T Techs., Inc.*, 475 U.S. at 650, 106 S.Ct. at 1419; *Exelon Generation Co., LLC v. Local 15, IBEW*, 540 F.3d 640, 646 (7th Cir. 2008). "[A]ny doubts concerning the

scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25, 103 S.Ct. at 941; *United Steel*, 531 F.3d at 536. If the court determines that the arbitration clause governs, any questions about the underlying contract must be settled in arbitration. *See United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 567–68, 80 S.Ct. 1343, 1346–47 (1960); *United Steel*, 531 F.3d at 538.

In the instant case, the arbitration clause is broad, creating a presumption that all contract disputes are arbitrable. Progressive has not rebutted that presumption. Because we have found that the arbitration clause is enforceable, that clause governs all disputes arising from the contract. Thus, any contract disputes, including disputes about which terms are part of the contract, should be settled in arbitration pursuant to the agreement.

## CONCLUSION

For the foregoing reasons, we grant defendant Russell Stover's motion to stay proceedings and compel arbitration. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: October 15, 2009